# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-60807
Summary Calendar

GULFSIDE CASINO PARTNERSHIP

                              Plaintiff-Appellee

v.

MISSISSIPPI RIVERBOAT COUNCIL; UNITE HERE; INTERNATIONAL
BROTHERHOOD OF TEAMSTERS; INTERNATIONAL UNION OF
OPERATING ENGINEERS

                              Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-110

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee Gulfside Casino Partnership ("Gulfside") initiated this action, seeking a declaratory judgment that the Memorandum of Agreement ("MOA") entered into between (1) Defendants-Appellants Mississippi Riverboat Council, UNITE HERE, International Brotherhood of Teamsters, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

International Union of Operating Engineers (collectively, the "Unions") and (2) Grand Casinos of Mississippi LLC-Gulfport ("Grand Casino-Gulfport") is not enforceable as to Gulfside. The MOA, which addresses representational and union organizing issues affecting employee rights at the Grand Casino-Gulfport, contains an arbitration clause providing in part that "[t]he parties agree that any disputes over the interpretation or application of this Agreement shall be submitted to expedited and binding arbitration." The Unions ask us to reverse the district court's denial of their alternative motion to compel arbitration and to dismiss or stay Gulfside's declaratory-judgment action. We decline this request and affirm.

First, the Unions contend that the district court erred when it ruled that it, not the arbitrator, had to determine whether Grand Casino-Gulfport's rights and obligations under the MOA were assigned to Gulfside. Second, the Unions insist that, assuming, arguendo, the district court was the proper arbiter, it erred in ruling that Grand Casino-Gulfport's rights and obligations under the MOA were not assigned to Gulfside, especially because it did not require Gulfside to introduce evidence supporting the allegations in its complaint before ruling.

Having reviewed the record on appeal, the parties' briefs, and the applicable law, we are convinced that the district court properly denied the Unions' motion. When a party challenges the very existence of an agreement, as opposed to its continued validity or enforcement, the court, not the arbitrator, must first resolve the dispute.[1] Even though Grand Casino-Gulfport entered into the MOA with the Unions, and later entered into a side agreement with Gulfside in which it purported to assign its rights and obligations under the MOA, Gulfside—which was not a signatory to the MOA—insists that Grand Casino-

---

[1] See, e.g., Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 214-19 (5th Cir. 2003); EEOC v. Waffle House, Inc., 534 U.S. 279, 293-94 (2002).

Gulfport's rights and obligations were not properly assigned to it. In other words, Gulfside contends that it is not a party to the MOA, and therefore challenges the very existence of the agreement with respect to itself. Accordingly, we hold that the district court properly ruled that it, not the arbitrator, had to resolve the question whether Grand Casino-Gulfport's rights and obligations under the MOA were assigned to Gulfside.

Furthermore, we hold that the district court properly ruled that Grand Casino-Gulfport's rights and obligations were not assigned to Gulfside. The MOA, by its own terms, applied only to active casino and associated landside operations. Following Hurricane Katrina, Grand Casino-Gulfport was forced to cease all riverboat casino and associated landside operations and to terminate all employees. It follows that there were no rights or obligations remaining under the MOA that could be assigned to Gulfside when it entered into the side agreement with Grand Casino-Gulfport.[2] The Unions' contention to the contrary is rejected. Moreover, because of the Unions' prior insistence that the district court rule expeditiously on their motion, their contention that the court decided the issue prematurely is unavailing.

The district court's ruling denying the Unions' alternative motion to compel arbitration and to dismiss or stay Gulfside's declaratory-judgment action is, in all respects, AFFIRMED.

---

[2] See United Mine Workers of America v. Apogee Coal Co., 330 F.3d 740, 745 (6th Cir. 2003) (holding that term "operations" in successorship clause—which language is analogous to that in MOA at issue—"connoted actively producing mines and does not include mines closed in good faith for economic reasons").